Affirmed and Memorandum Opinion filed September 9, 2003














Affirmed and
Memorandum Opinion filed September 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00893-CR

_______________

 

JAY LUIS
FERREL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________________

 

On Appeal from 179th District Court

Harris County, Texas

Trial Court Cause No. 894,606

__________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

 

            Appellant Jay Luis Ferrel was convicted of murder.  In this appeal, he contends the State’s
evidence was (1) legally insufficient to support the conviction and (2)
insufficient to corroborate the testimony of an accomplice.  We affirm.

Facts

            Jesus Salazar decided to kill
Felicia Ruiz because her gossiping about him was starting trouble with another
gang.  One night, he met with two
friends, appellant and Lisa Huerta, and told them he wanted to “get rid” of
Felicia.  He asked appellant to help him
find Felicia a ride for the following night. 
Appellant told Jesus he was unable to find Felicia a ride, even though
he never looked for one.  

            The day after Jesus declared his
intent to kill Felicia, he, appellant, and Lisa rented a motel room near a
vacant field.  While
inside the motel room, appellant noticed Lisa brought a knife and a bat.  He also heard Jesus tell Lisa that cutting
someone’s throat would ensure more bleeding. 
That night, Jesus called Felicia from the motel room and told her that
he would pick her up for a Halloween party. 
After he left to pick her up, Lisa and appellant walked to the field
nearby.  A few minutes later, Jesus and
Felicia arrived.  As they were walking
across the field, Jesus punched Felicia in the face and she fell to the
ground.  He immediately called for Lisa
and appellant to help hold her down. 
Lisa tried to cut Felicia’s throat, but the knife was too dull.  Jesus then took the knife from Lisa and began
repeatedly stabbing Felicia.  Lisa tried
to hold down Felicia’s upper body while appellant held down her legs.  After Jesus stabbed Felicia 26 times, all
three accomplices abandoned her body in the field.  Felicia bled to death.  Jesus and Lisa walked back to the motel room
and appellant went home.  

Legal Sufficiency

            In appellant’s first point of error,
he contends the evidence was legally insufficient to support his conviction for
murder.  Specifically, appellant contends
the State failed to prove he was criminally responsible as a party to Felicia’s
murder.  He claims that he believed Jesus
and Lisa intended to “beat up” Felicia, not kill her.  In a legal sufficiency challenge, we review
the evidence in the light most favorable to the verdict to determine if any
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).  We consider all evidence presented at trial;
however, we do not re-weigh the evidence or substitute our judgment for that of
the fact finder.  Id.  Therefore, if any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).  

            Appellant is guilty of murder if he
(1) intentionally or knowingly caused Felicia’s death or (2) intended to cause
serious bodily injury and committed an act clearly dangerous to human life that
caused her death.  See Tex. Pen. Code Ann.
§ 19.02(b)(1) & (2) (Vernon 2003).  Further, a person is “criminally responsible
as a party to an offense” if the offense was committed “by his own conduct, by
the conduct of another for which he is criminally responsible, or by
both.”  Id. § 7.01(a)(Vernon 2003).  A
person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  Id. § 7.02(a)(2) (Vernon 2003). 
Here, the jury charge included the law of parties, which thus permitted
the jury to convict appellant of murder as a party.  See
Goff v. State, 931 S.W.2d 537, 544 n.5 (Tex. Crim. App. 1996).  


            When reviewing sufficiency of the
evidence, although an accused’s presence alone at the
scene of an offense is insufficient to support a conviction, it is a
circumstance tending to prove guilt, which, combined with other facts, may
suffice to show that the accused was a participant.  See
Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  In
determining whether an accused was a party, it is proper to look to events
occurring before, during, and after the commission of the offense and to rely
on the defendant’s actions which show an understanding and common design to do
the prohibited act.  Id. 

            Appellant argues that he believed
Jesus and Lisa intended only to “beat up” Felicia; however, there is ample
evidence supporting the State’s contention he intended to assist the others in
murdering Felicia.  In appellant’s
videotaped statement, he admits Jesus told him before the murder occurred that
he wanted to “get rid” of Felicia. 
Although appellant did not help him find a ride for Felicia, he admits
that he believed Jesus and thought he was capable of doing anything.  Appellant also overheard Jesus and Lisa
discussing that a cut to the throat would cause one to bleed excessively.  He also noticed that Lisa had a bat and a
knife in the motel room.  These facts
support a finding that appellant knew Jesus and Lisa planned to kill
Felicia.  Further, there is testimony
that appellant held down Felicia’s legs while Jesus stabbed her, after Lisa
first tried to slit Felicia’s throat. 
From this evidence, a jury could conclude that appellant intended to
promote, assist, or aid Jesus and Lisa in killing Felicia.  Finally, there is testimony that after the
murder, appellant was angry when others discussed his involvement in Felicia’s
death.  One witness testified that
appellant threatened her to “keep her fucking mouth shut” and “that’s why I got
your homeboy’s bitch,” referring to Felicia. 
This post-crime statement is also evidence of appellant’s participation
in the murder.  Accordingly, we find
there was legally sufficient evidence that appellant was a party to the murder
of Felicia Ruiz.  We overrule his first
point of error.

Corroboration of Accomplice Witness Testimony

            Appellant contends in his second
point of error that the evidence was insufficient to corroborate Lisa’s
testimony against him.  Lisa testified
that appellant held down Felicia’s legs when she was stabbed.  A conviction cannot be upheld upon the
testimony of an accomplice witness, unless the testimony is corroborated by
other evidence connecting the defendant with the offense.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979).  We determine
whether accomplice testimony has been corroborated by eliminating the
accomplice testimony and then examining the remaining inculpatory
evidence.  See McDuff, 939 S.W.2d
at 612.  We then determine whether
the remaining evidence connects the defendant with the offense.  Id.  

            If we eliminate Lisa’s testimony,
appellant’s videotaped statement provides ample corroborative evidence.  In the video, he admits that he believed
Jesus would try to kill Felicia.  He
admits that he was present in the motel room while Jesus and Lisa discussed the
benefits of cutting someone’s throat.  He
further admits that Lisa had a knife and carried it with her to the field.  The only inconsistency between appellant’s
statement and Lisa’s testimony is that appellant claims he stood in the field
some distance away during the stabbing. 
However, other evidence indicates appellant could not have witnessed
Lisa’s attempt to cut Felicia’s throat or Jesus’s
stabbing of Felicia if he were in fact standing at a distance in the dark.  Further, the medical evidence demonstrates
that Felicia sustained extensive wounds to her upper trunk, reflecting attempts
to defend against stabbing, and no wounds to her lower extremities, indicating
that her legs were restrained.  Even
after eliminating the accomplice witness testimony, we find sufficient evidence
connecting appellant to the offense. 
Therefore, we overrule appellant’s second point of error.  

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 9, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).